The United States Federal District Court

For Portland, Oregon        97204

```
The Petition for Writ of Habeas   )
Corpus, of:                       )
Rashad Q. Sanders                 )
MCIJ 11540 N.E. Inverness Drive   )       FILED 20 JAN '12 11 03 USDC-ORP
Portland, Oregon     97220        )
                                  )
              Petitioner          )
                                  )
    v.                            )
                                  )
Dan Staton - Sheriff              )
Mulnomah County Commissioner's    )
Bldg, Suite 350                   )
501 S.E. Hawthorn Blvd            )
Portland, Oregon    97214         )
                                  )
              Respondent          ) Court No  11-CR-385-HZ
```

To: Dan Staton - Sheriff
    Multnomah County Comm.
    Bldg, Suite 350
    501 S.E. Hawthorn Blvd
    Portland, Oregon    97214

To: The Clerk of Court
    The United States Federal District Court
    1000 S.W. 1st Ave, Suite 740
    Portland, Oregon    97204

- Pre-Trial -
The Petition For Writ of Habeas Corpus
Title 28 U.S. C. 2255
Dismissal of Indictment (with Prejudice), Order of Immediate Release

## Jurisdiction

1. Pursuant, to, title 28 U.S.C. 2255, this United States Federal District Court, has jurisdct over the subject matter

2. The petitioner states he is unlawfully confined and or imprisoned, at MCIJ 11540 N.E. Inverness Drive, Portland, Oregon 97220, Dan Stanton-sheriff of Multnomah County - Oregon State, jail system, deprived of the liberty interest due process of the 14th Amend. U.S. Constitution as [as stipulated below]

Pa1-Petition For Writ of Habeas
    Corpus, of: Rashad Q. Sanders
    Dismiss of Indictment (with
    Prejudice)-Order of Immediate
    Release (Title 28 U.S.C. 2255

Signature: *Rashad Sanders*
Pro Se: Rashad Q. Sanders
MCIJ 11540 N.E. Inverness Drive
Portland, Oregon    97220

Petitioner
Exhibit 1A

Pg 1A of 4 A)

Table of Contents

I. Table of Authority                                          Pages
   a) Table of Citations.................................... 2b,
   b) Table of Statute...................................... 2b,
   c) Other................................................. 2b,
II Arguements:............................................... 2, 3b, 2b,
III Conclusions.............................................. 3,
IV Reliefs................................................... 3,
V Appendix...................................................

I

Through word shall therein, (with plain ordinary language) Title 18 U.S.C. 3161(b), has liberty interest, due process of the 14th Amend U.S. Constitutional, element, of: "Nor shall any state deprive any person of life, liberty, or property without due process of law, clause, citing, Babb v. Mid Century, 110 Or Appl 69, 821 P.2d 424 (1990), citing. Stanley v. Mueller, 211 Or 198, 315 P.2d 125, 71 A.L.R. 2d 715 (Or 1957), compared, with, Oviatt v. Pearce 954 F.2d 1470 (9th Cir 1992), at, 1474-1475, mandates (without discretion), (to the courts), to, order dismissal of indictment, (with prejudice), U.S. v. Jorn, 91 S.Ct 547 (1971), and, the immediate release of the defendant, when it finds, the prosecution, did not file a, (information, or indictment), (with the commission of a offense), within 30-days of the defendants, arrest, date, of: 19 August 2011, or served with a summons, (in connections with the charges)

1. Title 18 U.S.C. 3161(b) provides in part:

   "(b) Any information or indictment charging an individual with the commission of an offense shall be filed within 30-days from the date on which such indivdual was arrested or served with a summons in connection with such charges.

2. The 14th Admendent U.S. Con provides in part:

   " Nor shall any State deprive any person of life, liberty, or property, without due process of law;

Pg 2B-The Petition For Writ of
    Habeas Corpus, of:
    Rashad Q. Sanders
    )Brief In Support

Petitioners'
Exhibit 1A          (pg 2B of 4A )
                  (pg 2A of 4A)

Signature: *Rashad Sanders*
Rashad Q. Sanders
MCIJ 11540 N.E. Inverness Dr.
Portland, Oregon  97220

61.
62.                                Facts
63. 5.  On or about 19 August 2011, petitioner Rashad Q Sanders, [swiss no 657412] was duly arrested and confined in MCIJ 11540 N.E. Inverness Drive Portland, Oregon 97204 by Portland Police Officer
64. Uttke         [DPSST 25063 , and on the 22 day of August 2011, provided state charges, that was resolved 13th of October 2011, and was
65. scheduled to be released on 5th of November 2011 but, was released November 4th 2011, (on paper only, however,) not physically released) [SEE Exhibit 4A,5A]
66.
67. 6.  On or about 28th September 2011 1647 hours Asst. Attorney General Kemp Strickland [osb 96118] found a indictment [by the grand jury], charging defendent of 1 count of Transporting A Minor, title 18 U.S.C.
68. section 2423(a) and 1 count of Transporting of a minor, title 18 U.S.C. section 2423 (a) and 1-count of Sex Trafficking of a Minor, title 18
69. U.S.C. 1591 (a) and (b) [ see defendent exhibit 2A Indictment dated 28 Sep 11)
70.
71. 7.  On the 4th day of November 2011, defendent was arraigned [as first appearance title 18 U.S.C.] 40 days later [ from original arrest date of 19 August 2011, [ see defendent exhibits 5A ] and 4A, [Multnomah County Sheriff office property money receipt ledger] dated this, 19
72. August 2011], and 70 days, [later], from original date of Indictment of, 28th September 2011 [ violating title 18 U.S.C. 3161(b)) [see defendents exhibit
73. 2A-1 [brief in support of petition for writ of Habeas Corus argument 1]
74. 8.  On the 29th September 2011, the district court issued a warrant, of arrest, of defendent, [already in custody], [ 11540 N.E. Inverness Jail
75. Portland, Oregon 97220] county jail system, [since 19 August 2011] see exhibit [ Multnomah County Sheriff office property money receipt ledger
76. dated 19 August 2011 no A/08 05 ] compare with exhibit 3b [arrest warrant], with exhibit 5b defendent's docket text
77.
78. 9.  On the 7th day of December 2011, [70-days from the filing date] , of, [defendent's indictment, dated, 28th September 2011] defendent's trial did NOT commence [within time limit] of 70-day [ in violation of title
79. 18 U.S.C. 3161(c)(1) time limit from, the filing date, of, 28 Sept 2011.
80. 10.  WHEREFORE the district court [and or the plaintiff] failed to indict defendent within 30 days of his arrest [ with, title 18 U.S.C. 3161(b)],
81. and failed to commence trial within 70-days of defendent indictment]
82. [and public] [title 18 U.S.C. 3161(c)(1)] then, under the mandate, therein and, or, the liberty interest, due process of the 14th Amendment U.S.
83. Constitution, Element, of,
84.     Nor shall any state deprive any person of life",
        liberty, or property without due process of law
85.
86. clause, compare, Babb v. Mid Century supra Oviatt v. Pearce  954 F.2d 1470 [9th cir 1992] at 1474
87. this, [United State Federal District Court], is ordering that, defendent Rashad Q Sanders, be released from confinement, without bail, bond, or security, thereof
88. Pg 3-Petition For Writ of                Rashad Sanders
        Habeas Corpus, of:              Signature:
89.     Rashad Q. Sanders               Rashad Q. Sanders
                                        SWISS 65/412
90. Petitioners                         MCIJ 11540 N.E. Inverness Drive
    Exhibit 1A     Pg 3A of   4 A)     Portland, Oregon  97220

Pursuant to Dickerson v. Wainwright, 626 F.2d 1184 (1980), state under, penatly of purjury, that, the above statements are SWRON TRUE AND CORRECT, TO THE BEST OF MY KNOWLEDGE AND OR BELIEFS:
Done this ____ day of _____ 2011.

Signature: _Rashad Sanders_
Rashad Q. Sanders
MCIJ 11540 N.E. Inverness Dr.
Portland, Oregon   97220

Witness: _Richard J. Chandler_
Richard J. Chandler SWISS 153713
MCIJ 11540 N. E. Inverness Drive
Portland, Oregon   97220

## Addendum

11. Pursuant to Title 28 U.S.C. 2255, Teague holding that caselaw announcing new rules is generally not retroactively applicable to cases on collateral review, applies to federal prisoner's actions for collateral review of sentence 28 U.S.C. § 2255

12. The defendant/petitioner adds a additional prayer, that this court will order a Writ of Habeas Corpus, (be granted), and the sheriff file a of retrun withn 24 hours, (of reasonable receipt of this Petition) and (Brief in Support), and with 72 hours, file a order to show cause, why this writ shall not be granted, m and this court will order the dismissal of the indictment (with prejudice) and a order of immediate release of the defendant, without bail, bond, or security thereof.

13. Pursuant to Dickerson v. Wainwright, 626 F.2d 1184 (1980), state, that the above, is sworn TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND OR Belief: Done This 16 day of JANUARY 2012

Pg4-Petition For Writ of Habeas Corpus

Signature: _Rashad Sanders_
Pro Se: Rashad Q. Sanders
MCIJ 11540 N.E. Inverness Dr.
Portland, Oregon   97220

Petitioners'
Exhibit 1A

(Page 4A of 4A)