4-copies

The United States Ferdal District Court
AHN: Clerk Of Court
1000 S.W. 1st Ave
Suite 740
Portland, Oregon 97204

The Petition For Writ )
Of Habeas Corpus Of )
Rashad Q Sanders )
11540 N.E. Inverness Drive )
Portland, Oregon 97220 )
    Petitioner )
)
v. )
)
Dan Staton-Sheriff )
Multnomah County Commissioner )
Building )
501 S.E. Hawthorn Blvd )
Suite 350 )
Portland, Oregon 97214 )
    Respondent ) Court No 11-CR-385-HZ

Pre-Trial

Brief In Support Of Petition For
Writ Of Habeas Corpus
Title 28 U.S.C. 2255

_____
Signature of Witness

Print Full Name
Richard J. Chandler
MCIJ 11540 N.E. Inverness Drive
Portland, Oregon 97220.

_____
Signature

Rashad Q. Sanders
Print Full Name
MCIJ 11540 N.E. Inverness Drive,
Portland, Oregon 97220

Petitioners'   Page (1B of 13B)
Exhibit 2A

A. Table of Citations

|  | Pages |
|---|---|
| Babb. v. Mid Century Ins Co, 110 Or App. 67, 821 P.2d 424 (1990) | 2,3,4,6,8,9,10 |
| Benzinger v. Oregon Department of Ins and Finance, Through Worker Compensation Div. Appellate Unit, 107 Or App. 449, 812 P.2d 36 (Or App. 1991) | 2,8,9, |
| Collins v. Forster, 299 Or 90, 909 P.2d 1324, (Or S.Ct. En Banc 1988) | 2,8,10 |
| Bacote v. Johnson, 333 Or App. 28, 35 P3d. 1019 (Or 2001) | 2,4,6,8,10, |
| Preble v. Department of Revenue, 331 Or 320, 14P,3d 614 (Or 2000) 614 (Or 2000) | 2,4,6,8,10, |
| U.S. v. Rands, 224 F.2d 305, reversed, 367 F.2d 186, certitordia granted, 87 S.Ct. 3665, 389 U.S. 121. 19 L.E.D. 2d 329 (Or 1963) | 2,4,10, |
| Shipley v. Cupp, 59 Or App.283,650 P.2d 1032 (1982) | 2, |
| Stanley v. Mueller, 211 Or 198,315 P.2d 125,71 D.L.R. 715 (Or 1957) | 2,3,8,9,10, |
| Price v. Zarbano, 265 Or 126,508 P.2d (Or S.ct EN Bano | 2,10, |
| Brophy v. Burks, 307 Or 62,762 P.2d 1017 (Or S.ct EN Bano | 2,10, |
| Oviatt v. Pearce, 954 F.2d 1470 (9th cir 1992)of 1474-1475 | 2,3,5,6,7,10, |
| Lexecon Inc v. Miberg Wesis,Bershad HYnes & Lerach, 118 S.ct 957,523 us 26,140 L.E.D. 2d 62 (U.S. Ariz 1998) | 2,4,8,10, |
| Plaut v. Spendthrift Farm Inc. 1 F.3d 1487 rehearing and suggestion for rehearing denied 11 F.3d 572, certitori granted in part 144 S.ct. 2161 | 2,4,6,8,10, |
| U.S. v.Jorn, 91 S.Ct. 547 (1971) | 2,3,7, |
| Cain v. Smith, 686 F.2d 374 (1982) | 2,11, |
| Hakeem v. Beyer, 774 F.Supp. 276 (D.N.J. 1991) | 2,11, |

B. Table of Statutes

| | |
|---|---|
| Title 18 U.S.C. 3161(b) | 2,3,5,8,10,11, |
| Title 18 U.S.C. 3161(c)(1) | 2,3,4 |
| Title 18 U.S.C. 3162(2) | 2,7,8,11 |
| 14th Amendment U.S.Constitution | 2,3,5,6,10,11, |

C. Other

## Grounds

3. The Petitioner, is unlawfully confined, (or imprisoned), deprived of the liberty interest due process of the XIV Amendment, U.S. Constitietonal, eliment, of:

"Nor hall any state deprive any person of life liberty, or, property, without due process of law"

clause, inerited, in Title 18 U.S.C. section 3161(b), and or (c)(1), and or Title 18 U.S.C. 3162(a)(2), threough word shall therein, (with plain ordinary lanquage), citing: Babb v. Mid Century In Co 110 Or App. 69, 821 P.2d 424 (1990), citing: Stanley v. Mueller, 211 Or 198, 315 P.2d 125, 71 A.L.R.2d 715, (Or 1957), compared, with, Oviatt v. Peasrce, 954 F.2d 1470 (9th Cir 1992), at, 1474-1475.

### Arguement: I

Through word shall therein, (with plain ordinary lanquage) Title 18 U.S.C. 3161(b), has, liberty interest due process of the XIV Amendment, U.S. Constitional, eliment, of:

"Nor shall any state deprive any person of life, libery, or property, without due process of law"

clause, citing: Babb av. Mid Centuryy Ins Co. 110 Or App. 69, 821 P.2d 424 (1990), citing, Stanley v. Mueller, 211 Or App. 198, 315 P.2d 125, 71 A.L.R. 2d 715, (Or 1957), compare with, Oviatt v. Pearce, 954 F.2d 1470 (9th Cir 1992), at 1474-1475. to the courdt, to, order, the immediate release, of, Rashad Q. Sander, (without bail bond or security thereof), dismissing the indictment, (with prejudice), (U,S. v. Jorn 91 S.Ct. 547 (1971)), when it finds, the prosecution did not timely find indictment, (within the 30 day mandatory time limit"

### Arguement: II

Through, word shall therein (with plain ordinary laquage) (of objective criteria), Title 18 U.S.C. 316(c)(1), and, or Title 18 U.S.C. 3162(2), has liberty interest due process of the XIV Amendment U.S. Constitutional, eliment: of:

"Nor Shall any state deprive any person of life, liberty, or property, without due process of law."

clause, protection, citing: Babb v. Mid Century. Ins Co. 110 Or App. 69, 821 P.2d 424 (1990), citing, Stanley v. Mueller 211 Or App. 198, compare, with, Oviatt v. Pearce 954 F.2d 1470 (9th Cir 1992), at, 1474-1475, (to the courts), to order the dismissal of indictment (with prejudice), and, order the immediate release, of, defendant/petitioner, (Rashad Q. Sanders), when it finds, defendant/petitioner, (Rashad Q. Sanders) trial did not commence, (within the 70-day period), (from 19 August 2011, thrue 15 day of January year 2012 (a period, of 151 days).

Pg3B-Brief In Support of Petttion For Writ of Habeas Corpus        (Page3B of 13B)

Signature: *Rashad Sanders*
Pro Se: Rashad Q. Sanders
MCIJ 11540 N.E. Inverness Drive
Portland, Oregon  97220

3. In <u>Babb v. Mid Century Ins Co</u>, 110 Or. App. 67, 821 P.2d 424 (Or App. 1991), <u>Babb</u>, was insured, and was involved in a car accident, and wanted re-embursement, (from the insurance Co.), and asked the appellate court to interpret the legislature intent, of, ORS 742.534(1) which states, in part:

> "(1) <u>Except as provided in ORS 742.544, every authorized motor vehicle liability insurer whoe insured is or would be held legally liable for damages for injuriees sustained in a motor vehicle accident by a person for whom personal injury protection benefits have been furnished by another such insurer, shall reimburse such other insuer for the benefits it has so furnish if it has requested such reimbursement, has not given notice as provided in ORS 742.536, that it elect recover by lien in accordance with that section and is entitled to reimbursement this section by ther terms of its policy. Reimbursement under this subsection, together with the amount paid to injured person by the liability insurer, shall not eceed the limits of the policy issued by the insurer.</u>"
>
> (Formerly 743.825: Laws 1993 c. 709 § 7)

that, has lanquage, simular to, <u>Title 18 U.S.C. 3161(b)</u>, of:

> "(b) <u>Any informtion or indictment charging an individual with the commission of an offense shall be filed wilthin thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.</u>"

that, uses the word "(Shall)", therein, (with plain ordinary lanquage,) the court of appeals, ruled, that,

> "We do not consider legislative history unless the <u>lanquage of a statute fails to provide sufficient insight into the legislative inten. Mattiza v. Foster, 311 Or 1,4, 803 P.2d 723 (1990). The lanquage of ORS 742.534(1) clearly expresses the intent of the legislatures. It Provides that the tortfeasor insurer "shall" remburse such other insurer for PIP benefilts. The word shall in usually inperative and mandates the specified action. Stanley Adm. v. Mueller, 211 Or. 198, 208 315 P.2d 125 (1957)</u>"
> (<u>Babb v. Mid Century</u>, id, at 425)

a ruling, clearly, supported by: <u>Bacote v. Johnson</u> 333 Or App. 28, 35 P.3d 1019 (Or 2001), <u>Preble v. Department of Revenue</u>, 14 P.3rd 613, Or. 320 (Or. 2000), <u>US v. Rands</u>, 224 F. Supp 305, reversed 367 F.2d 186 Certitori granted 87 S.Ct. 1308, 386 U.S. 989, 18 L.Ed.2d 334, Reversed 88 S.Ct. 365, 389 U.S. 121, 19 L.Ed.2d 329 (Or 1963). <u>Lexecon Inc. v. Milberg Wesis, Bershad Hynes & Lerach</u>, 118 S.C.t 956, 523 U.S. 26, 140 L.Ed.2d 62 (U.S. Ariz 1998), <u>Plaut v. Spendthrift Farm. Inc.</u> 1F3rd 1487 rehearing and suggestion for rehearing denied 11 F.3rd 572 certiorari granted in part 114 S.Ct. 2161, 511 U.S. 211, 131 L.Ed.328 (C.A. Ky 1993). however,

Pg4-Brief In Support of Petition
For Writ of Habeas Corpus, of:
Rashad Q. Sanders

Signature: *Rashad Sanders*
Pro Se: Rashad Q. Saners
MCIJ 11540 N.E. Inverness Drive
Portland, Oregon   97220

(Page 4B of 12B)

61.
62. (emphasis added), under Oviatt v. Pearce 954 F.2d 1470 (9th Cir 1992),
at 1474-1475, the ninth Circuit Court of Appeals, ruled, that, when,
63. a word shall, has been determined to be mandative, or mandatory application,
it has due process of the 14th Amendment U.S. Constitutional, eliment,
64. of:

65. "Nor shall any state deprive any person of life,"
66. liberty or property, without due process of law

cause, that, if, violated then, the due process, (of the 14th Amendment)
67. U.S. Constitutional, eliment, of:

68. "Nor shall any state deprive any person of life,"
69. liberty or property, without due process of law"

clause, mandates, (without discretion), that the court, (or the appellate
70. court), order the immediate return of the defendant, (to his liberty),
or freedom of confinement, or imprisonment, (without bail, bond, or
71. security thereof; as the court stipulated,

72. "(4) Liberty interest protected by the Fourteenth Amendment
73. may arise from two sources the due process clause itself
and laws of the states" Hewitt, 459 U.S. at 466, 103 S.Ct.
74. at 868-69 (citilng Meachum v. Fano, 427 U.S. 215, 223-27
96 S.Ct. 2532-39, 49 L.Ed. 451 (1976).
75. State laws created a protected liberty interest.by....the
being free from confinement or imprisonment, when the
76. word shall is used to mandate certain proceedure......Id,
at 1098 (citing Hewitt, 459 U.S. at 472, 103 S.Ct. at 871)

77. (Oviatt v. Pearce 954 F.2d 1470 (9th Cir 1992), at, 1474.

78.
79. which, means, that, when the word "shall" [in a statue], [ such, as, Title
18 U.S.C. 3161(b)] is used [with language] that, clearly, stipulates, something
80. must be done or not done; it is generally deemed, [ by the courts], to have
[ mandatory applications] [emphasis added], of the explicit, language
81. [of the statue], constituting, due process [of law], of (state statue),
and, the liberty interest due process of the XIV Amendment U.S. Constitutional
82. Eliment, of:

83. " Nor shall any state deprive any person"
of life, liberty or property without
84. without due process of law "

85.
86.
87. Pg5   The Brief In Support Of        *Rashad Sanders*
       Petition For Writ of Habeas      Signature:
88.    Corpus, of: Rashad Q. Sanders    Rashad Q. Sanders
                                        MCIJ 11540 N.E. Inverness Drive
89.                                     Portland, Oregon   97220

90.              (Page 5B   of   13B )

91.
            (Page 5B of 13B)

clause, compare Babb v. Mid Century Ins Co, supra with Preble v. Department Of Revenue, supra, Bacote v. Johnson Lexcon Inc. v. Milberg Wesie Bershad Hynes & Lerach, supra, and Plaut v. Spendthrift, Farms Ins, supra, with Oviatt v. Pearce, 954 F.2d 1470 (9th cir 1992) at 1474, which states essentially:

> "state law created a protected liberty interest" in being free from incarceration confinement, or imprisonment, when the word shall is used to mandate a specific right of the defendent (duing the prosecution against him)(emphasis added)

that, if violated, (by states prosecution) (emphasis added) then, the courts must ruled, due process of law was violated, an as such, the statutory remedy for due process, (of law), violation, of the 14th Amendment, U.S. Constitution Eliment, of:

> "Nor shall any state deprive any person" of life, liberty or property without due process of law"

clause, is, for the court, to order, that, the defendent be immediately returned to his liberty (or freedom from confinement) or imprisonment

4.  In this case, Title 18 U.S.C. 3161(b) supra clearly meets the courts criteria, (of being deemed), to have mandatory language (of federal law), with the word shall therein (emphasis added), and liberty interest due process of the 14th Amendment U.S. Constitutional, Eliment,; of

> "Nor shall any state deprive any person" of life, liberty or property without due process of law"

clause protection, compare Babb v. Mid Century Ins Co, supra Bacote v. Johnson, supra, Preble v. Department Of Revenue, supra Lexecon Inc v. Milberg Wesis, Bershad Hynes & Lerach, supra and, Plaut v. Spendthrift Farm Inc, supra with Oviatt v. Pearce 954 F.2d 1470 (9th cir 1992) at 1474, that clearly stipulates, essentually that, a defendent's information or indictment, shall be filed (in the court) within 30-days of defendents arrest, date (which was 19th August 2011) see exibit 4A Multnomah County Sheriff Office property money receipt lodger no. A10805 dated 19th August 2011 and or exibit Ojin print/ case request no. ___ (Multnomah County Circuit, court, 1021 S.W. 4th Ave Portland, Oregon 97204 (see page___ paragraph___ Title 18 U.S.C. 3161(b)

Page 6B    Brief In Support of
Petition For Writ of Habeas Corpus
of: Rashad Q. Sanders

Signature: *Rashad Sanders*
Rashad QW. Sanders
MCIJ 11540 N.E. Inverness Drive
Portland, Oregon  97220

(Page 6B of 13B)

5. This time limit (of 30-days), for which to file an indictment (within the Federal District Court)(from the arrest date of August 19th 2011) having been determine, to be, <u>a mandated liberty interest due process (of the XIV Amendment U.S. Constitution)</u> then, as such, if violated, the mandated statutory remedy (under <u>Oviatt v. Pearce</u>, 954 F.2d 1470 (9th cir 1992) at 1474, would be, <u>immediate release of the defendant</u>( without bail, bond, or security thereof)

6. In this instance, case, at bar, the record ( before this court), should show, that, defendent Rashad Q Sanders was originally arrested ( by Portland Police Bureau) and confined in MCDC 1120 S.W. 3rd Ave Portland, Oregon 97204, on 19th August 2011, later charged (by Multnomah Circuit Court, Portland, Oregon 97204) with charges, he later, was found acquitted from, (see exibit 4A ) but remained in the Multnomah County jail, to this date 15 Jan 2012, however, on the 28th September 2011, (40 days later), the U.S.A. Asst. Attorney found a indictment, (against defendent, Rashad Q Sanders) alleging 1- count of, Title 18 U.S.C. § 2423(a) and 1 count of Title 18 U.S.C. 1591(a) and (b)(2)(see exibit 2A indictment, dated 28 September 2011, No. 11-CR-385-HZ, Federal District Court of Portland, Oregon 97204)( see also exibit 5A Docket Text Court No. 11-CR-385-HZ)

7. Because the record, (before this court), clearly shows, that, while in custody at (Multnomah County Jail-Oregon State), the U.S.A. attorney found defendent's indictment 40-days, (after the arrest of defendent), (in violation), of, (<u>the liberty interest due process of the XIV Amendment U.S. Constitutional mandate</u>), of, Title 18 U.S.C. 3161(b), compare <u>Babb v. Mid-Century</u> supra, with <u>Oviatt v. Pearce</u>, supra whose statutory remedy (<u>for violation thereof</u>) is immediate release (<u>Oviatt v. Pearce</u>, supra 1474) then, this court (by U.S. Constitutional mandate) must order the immediate release of the defendent,( without bail, bond, or security thereof).

Arguement II

<u>Title 18 U.S.C. 3161(c)(1) in concurrance with title 18 U.S.C. 3162(2) (through word shall therein) with plain ordinary language (stipulating something will be done) has a liberty interest due process of the XIV Amendment U.S. Constitution Eliment, of</u> "<u>Nor shall any state deprive any person of life, liberty or property, without due process of law</u>"

clause mandate (to this court), to order, the dismissal [of the indictment] (with prejudice), <u>U.S. v. Join</u>, 91 S.CT.547(1971), and, order, the immediate release of the defendent/ Petioner Rashad Q Sanders

Page 7B-Brief In Support of the Petition For Writ of Habeas Corpus of: Rashad Q. Sanders

Signataure: *Rashad Sanders*
Rashad Q. Sanders
MCIJ 11540 N.E. Inverness Drive
Portland, Oregon    97220

(Pagae 7B of 13B)

(witnout bail, bond, or security thereof) citing: <u>Benzinger. v. Oregon Department of Ins. and Finance Through Workers Compensation Div. Appellate Unit</u>, 107 Or App. 449, 812 P.2d 136 (Or App. 1991), <u>Shipley v. Cupp</u>, 59 Or App. 283, 650 P.2d 1032 (1982); <u>Babb v. Mid Century</u> 110 Or. App. 69, 821 P.2d 424 (1990), citing <u>Stanley v. Mueller</u>, 211 Or 198, 315 P.2d 125, 71 A.L.R. 715, (Or 1957).

8. <u>Title 18 U.S.C. 3161(c)(1)</u>, provides in part:

   "(c)(1) <u>In any case in which a ple of not guilty is entered the trial of a defendant charged in an information or indictment with the commision of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment.</u>"

9. <u>Title 18 U.S.C. 3162(2)</u>, provides in part:

   "(2) <u>If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant.</u>"

10. The Liberty interest due process of the 14th Amendment U.S. Const. provides in part:

    "<u>Nor shall any state deprive any person of life, liberty, or property, without due process of law.</u>"

11. In <u>Benzinger v. Oregon Department of Ins and Finance Throught Worker Compensation Div Appellate Unite</u>, 107 Or App. 449, 812 P.2d 107 (Or App. 1991), the court of appeals, (Oregon State), simular to <u>Collins v. Forster</u>, 299 Or 90, 909 P.2d 1324 (Or S.Ct. En Banc 1988), <u>Babb v. Mid Century Ins Co Ins. Co.</u> 110 Or App. 67, 821 P.2d 424, <u>Bacote v. Johnson</u>, 333 Or App. 28, 35 P.3d 1019 (2001) <u>Preble v. Department Of Revenue</u>, 14 P.3d 613 Or 320 (Or 2000) <u>U.S. v. Rands</u>, 224 F.2d 305 reversel 367 F.2d 186 certitoria granted, 87 S.ct 365, 389 U.S. 121, 19 L.E.D 2d 329 (Or 1963) <u>Lexecon v Milberg Wesis Bershad Hynes & Lerach</u>, 11 S.ct.956, 523 U.S. 26, 140 L.E.D. 2d 62 (U.S. Ariz 1998) <u>Plaut v. Spendthrift Farm Inc</u> certionarl granted in part, 114 S.ct. 2161, 511 U.S. 211, 131 L.E.D. 328 (1993) was asked to interpre the "<u>legislature intent</u>" of a statue, that has the word shall (in it's border's

Pg8-Brief In Support of Petition For Writ of Habeas Corpus-Rashad Q. Sanders

*Rashad Sanders*
Signature:
Pro Se: Rashad Q. Sanders
MCIJ 11540 N.E. Inverness Drive
Portland, Oregon      97220

(Page 8B of 13 B)


couple, with, a time limit, of, (15) days, and held , in part:

> It First argues that the word "shall" is not always mandatory and, does not compell the trial court's conclusion. Although we do not disagree with that aabstract proposition, the word is facially mandatory when used in a statue that prescribes a time limit for performing an act. As defendant all but concedes, the principle Oregon authority that it found to support the contray conclusion was implicity overruled in Anaconda Company v. Dept of Rey 278 Or 723 736, 565 P.2d 1084 (1977), (See Howell J. dissentiang). In any event althought authority can be found to support just about any proposition, the general rule, stated in Stanley , Adm. v. Mueller 2112 Or. 198, 208, 315 P.2d 125 (1957), is that (it is elementary, that "shall" connotes the imperative." We conclude that the word is mandatory as used in ORS 656.268(6)(a).

Benzinger v. Or Dept Of Ins, 107 Or App. 449, 812 P.2d 36 (Or App 1991), at 37.

compare, with, Babb v. Mid Century, 110 Or App. 67, 821 P.2d 424 (Or App. 1991), at, 425. which states, in, part:

> "We do not consider legislature history unless the language of a statute fails to perovide sufficient insight into the legislative intent Mattiza v. Foster, 311 Or. 1,4, 803 P.2d 723 1990), The language of OrS 742.534(1), clearly expresses the intent of the legislature. It provides that athe tortfeasor insurer "shall" reimburse such other insurer" for PIP benefits. The word "shall" is usually impertive and mandates the specified action. Stanley, Adm. v. Mueller, 211 Or. 198, 208, 315 P.2d 125 (1957).

(Babb v. Mid Century Ins Co. 110 Or. 67, 821 P.2d 424 (Or App.1991), at. 425.

Pg8-Brief In Support of Petition For Writ of Habeas Corpus , Rashad Q. Sanders (Title 28 U.S.C. 2255)

*Rashad Sanders*
Signature
Pro Se: Rashad Q. Sanders
MCIJ 11540 N.E. Inverness Drive
Portland, Oregon  97220

(Page 9B of 13 B)

190. which, had the same conclusion, [in the oregon State] (Court of Appeals), and the Supreme Court, (of Oregon State), the 9th Circuit Court of Appeals, and the U.S. Supreme Court, in Babb v. Mid Century Ins.Co., supra
191. Collins v. Foster 299 Or.90, 909 P.2d 1324 (or. S.ct. Enbanc 1988)
192. (in a murder case) Price v. Zanbano, 65 Or. 126, 508 P.2d 185 (Or. S.ct. En Banc 1999), (in a rape and kidnapping case) Brophy v. Burks,
193. 307 Or. 62, 762 P.2d 1017 (Or. S.ct. En Banc)(in a methamphetimnes and delivery of illegal drug case)Brocote v. Johnson, 333 Or. App. 28,35 P.3d
194. 1019 (2001) Preble v. Department of Revenue 14 p.3d 613 (Or.2000), Shipley
195. v. Cupp App. 283,650 P.2d 1032 1982), Stanley v. Mueller, 211 Or. 198,315 P.2d 125,71 D.L.R. 715 (Or.1957) Oviatt v. Pearce 954 F.2d 1470 (9th cir
196. 1992) at 1474-1475, U.S. v. Rands, 224 F.supp.305 reversed 367 F.2d 186
197. certitor, granted 87 S.ct. 1308, 386 U.S. 989, 18 L.F.D 2d 329 (1963), Lexecon Inc v. Milberg Wesis Bershad Hynes and Lerach, 118 S.ct. 957, 523
198. U.S. 26, 140 L.E.D. 2d 62 (65 Ariz 1998) and Plaut v. Spendthrift Farm Inc P.3d 1487 rehearing and suggestion for rehearing denied 11 F.3d 572
199. centitori granted in part 114 S.ct 2161 ,511 U.S. 211, 131 L.E.D. 328 (1993)

100.

200. 12. In this instant case, being, that, the language of title 18 U.S.C. 3161(c)(1) and title 18 U.S.C. 3162(2), both, have, plain ordinary language;
201. couple with the word shall, (therein), with a time limit,(to commence trial), of the defendant/ petitioner, with santions of, dismissal (of the indictment)
202. for failing to commence trial within 70 days,( of his filing date), of,
203. (28th September 2011), which is similar to the language previously ruled (by the court of appeals)to( the U.S. Supreme Court) decisions, "(supra)"
204. (paragraph 10 and 11 of this brief), then, this court(under the same authority) must ruled, that, title 18 U.S.C. 3162(2) jointly have liberty interest due
205. process of the 14th Amendment U.S. Constitutional protection of:

206. "Nor shall any state deprive any person"
207. of life, liberty or property without due process of law"

208. clause citing Oviatt v. Pearce, 954 F.2d 1470 (9th cir 1992) at 1474, which states in part: essentually:

209. "Liberty interest protected by Fourteenth"
210. Amendment (in being free from confinement or imprisonment) when word shall is used to mandate certain procedures, Id at 1098 citing Hewit, 459 U.S.,at 472,103 S.ct. at
211. 871

212. And, since the record [before this court], clearly shows, defendant's
213. "petittioner," Rashad Q Sanders, was in custody from August 19,2011

214.
215.
216. Page 10-Brief In Support of Petition For  Rashad Sanders
217. Writ of Habeas Corpus, of: Rashad  Signature:
    Q. Sanders (Title 28 U.S.C. 2255)
218.
219.                    (Pg 10Bof 13B)
220.
250.

(see exibit 4A Mul' mah County Sheriff Office roperty money recipt ledger date August 19,2011 ...o. A[0860], or ojin print/ case regester, No. ____ Multnomah CC, 1021 S.W. 4th Ave Portland,Or 97204 exibit ____ or Portland Police Bureuno custody report, dated 19th August 2011 exibit ____ and, Federal Indictment was made public 28th September,2011 (see defendant/ petitioner exibit 2B. (indictment dated 28th September 2011- USA v.Rashad Q. Sanders) case No. 11-cr-385-HZ Federal District Court-Portland,Or 97204) or defendant/petitioner exibit 2A [Docket Text No.11-cr-385-HZ, and trial did not commence, from, 28th September,2011 thru 7th December,2011 (70-days) then, under the liberty interest, due process of the 14th Amendment US Constitutional Eliment, of :

> " Nor shall any state deprive any " person of life,liberty, orproperty without due process of law"

clause, inherite, in,Title 18 USC 3161(c)(1) with Title 18 USC 3162(2) (as interpreted in Benzinger, supra) And,(the citation in paragraph 10 and 11 of the brief), compare with Oviatt v. Pearce,954 F.2d 1470 (9th cir 1992) at 1474, this court is manddated (without discetion), ( under the same), to order the dimissal of the indictment (with prejudice), (US v. Jorn,91 S.ct. 547 (9171), and, too, order, the immediate release of the defendant/ petitioner Rashad Q Sanders, (without bail, bond or security thereof), which, is, consistant, with,Cain v. Smith, 686 F.2d 374 (1982), Hakeem. v. Beyer, 774 F.Supp. 276 (D.N.J. 1991).

13. WHEREFORE, defendant's/ petitioner"s trial did not commence within the 70-day period, mandates, under the liberty interest, due process of the 14th Amendment US Constitution (inherited in Title 18 USC 3161(c)(1) and Title 18 USC 3162(2) then this court is mandated and is ordering a Writ Of Habeas Corpus be granted (under Title 28 USC 2255) and the sheriff of Multnomah County Oregon State has 24 hours(of reasonable receipt of this litigation) to file a return, and 72 hour to file a order to show cause why the Writ should not be granted, and this court is ordering dismissal of the indictment (with prejudice), and a order of immediate release (of Rashad Q Sanders) without bailbond or security thereof nad a extra prayer is added to this Writ, that this court granted such justified relief, of dismissal and release of petitioner Rashad Q. Sanders. Petitioner prays for just requested relief.

Pursuant to Dickerson v. Wainwright, 626 F.2d 1184 (1980), that, the above statements, are SWORN TRUE AND CORRECT, to ghe best of my knowledge and or beliefs:

Signature: *Richard J. Chandler*
Wittness:
Richard J. Chandler
MCIJ 11540 N.E. Inverness Dr
Portland, Oregon   97220

Signature: *Rashad Sanders*
Pro Se: Rashad Q. Sanders
Address: MCIJ 11540 N.E.
         Inverness Drive
         Portland, Or 97220.

Pg11-Brief In Support of Petition For Writ Of Habeas Corpus, of:
   Rashad Q. Sanders

Signature: *Rashad Sanders*
Pro Se: Rashad Q. Sanders
MCIJ 11540 N. E. Inverness Drive
Portland, Oregon   97220

(Page 11B of 13B)

4 copies

```
                    United States Federal District Court
                         For Portland, Oregon 97204


  The Petition for Writ Of Habeas    )
  Corpus, of:                        )
  Rashad Q. Sanders                  )
  MCIJ 11540 N.E. Inverness Drive    )
  Portland, Oregon    97220          )
                                     )
                     Petitioner      )
                                     )
                                     )
  v.                                 )
                                     )
                                     )
  Dan Staton- Sheriff                )
  Multnomah County Commissioner's    )
  Bldg, Suite 350                    )
  501 S.E. Hawthorn Blvd             )
  Portland, Oregon    97214          )
                                     )
                     Respondent      )    Court No. 11-CR-385-HZ
  ─────────────────────────────────
  STATE OF OREGON         )                Affidavit of Service by Mailing
                          )  SS.           In Support of Petition For Writ
                          )                of Habeas Corpus,-Brief In Support
                          )
  County of Multnomah     )
  ─────────────────────────────────
```

81. 
82. 
83. 
84. 
85. 
86. 
87. 
88. 
89. 
90. 
91. 
92. 
93. 
94. 
95. 
96. 
97.     I, Rashad Q. Sanders, pursuant, to, <u>Dickerson v. Wainwright</u>, 626 F.2d
98. 1184 (1980), state, under penalty of purjury, that I deposited in the U.S. Mail system, (of MCIJ), postage, pre-paid, the below listed documents:

99. 1  Addressed to: Dan Staton; Sheriff, Mulnomah County Comm. BBuilding,
00.         Suite 350, 501 S.E. Hawthorn Blvd, Portland, Oregon 97214.
01. 1-Copy, each, of: Exhibit 1A Petition For Writ of Habeas Corpus, of:
    Rashad Q. Sanders, (Title 28 U.S.C. 2255)
02. 1-Copy, each, of: Exhibit 2A Brief In Support of Petition for Writ of
    Habeas Corpus, (Title 28 U.S.C. 2255)
03. 1-Copy, each of Exhibit 2B Indictment, dated 28 September 2011
    1-Copy, each of Exhibit 12A Affidavit of Service by Mailing In Suuport
04.     of Petition for Writ of Habeas Corpus.

05. DONE THIS 18 day
06. of JANUARY 2012
                                     *Rashad Sanders*
                                    Signature:
                                    Pro Se: Rashad Q. Sanders
                                    MCIJ 11540 N.E. Inverness Drive

07. 2  Addressed To: The Clerk of Court: The United States Federal District Court,
08.         1000 S.W. 1st Av;e, Suite 740, Portland, Oregon 97204
    1-copy each, of: Exhibit 1A Petiltion For Writ of Havbeas Codrpus, of:
    Rashad Q. Sanders, (Title 28 U.S.C. 2255)
09. 1-Copy, each, of: Exhibit 2A Brief In Support of Petition For Writ

10. Page 11B-Affidavit of Service
    By mailing, In Supp. of  (Page12B of 12B)
11. Petition For Writ of Habeas
    Corpus.    (Page12B of 12B)

                                     *Rashad Sanders*
                                  Signature:
                                Pro Se: Rashad Q. Sanders
                              MCIJ 11540 N.E. Inverness Drive
                              Portland, Oregon 97220

of Habeas Corpus, (Title 28 U.S.C. 2255).

1-copy, each, of: Exhibit 2B Indictment, dated 28 Sept 2011,
1-Copy, each, of, Exhibit 5A Docket Text, (date filed 09/28/2011).
1-copy, each, of: Exhibit ___
1-Copy, each, of, Exhibit 4A Multnomah County Sheriff Office
    Property Money Ledger, dated 8-19-11, No A10805
1-copy, each, of: Affidavit of Service by Mailing, In Support of Petition
    for Writ of habeas Corpus.

DONE THIS 18 day
of JANUARY 2012

Signature: *Rashad Sanders*
Pro Se: Rashad Q. Sanders
MCIJ 11540 N.E. Inverness Drive
Portland, Oregon 97220

Addressd To: Defense Laiwyer: MARK AUSTIN CROSS
294 WARNER MILNE RD.
OREGON CITY, OREGON 97045

1-copy, each, of, Exhibit 1A Petition For Writ of Habeas Corpus,
    of Rashad Q. Sanders, (Title 28 U.S.C. 2255)
1-copy, each, of Exhibit 2A Brief In Support of Petition For Writ
    of Habeas Corpus, of: Rashad Q. Sanders. (Title 28 U.S.C. 2255)
1-copy, each, of Exhbit 2B Indictment, dated 28 Sept 2011,
1-Copy, each, of: Exhbit 5A Docket Text,(dated filed 09/28/2011)
1-copy, each, of, Exhibit 4A Multnomah County Sheriff Office
    Property M9oney Ledger, dated 8-19-11, No A10805
1-copy, eaach, of, Exhibit; 13A Affidavit aaof Service by Mailing
    In Support of Petitiaon For Writ of Habeas Corpus.

DONE THIS 18 day
of JANUARY 2012

Signature: *Rashad Sanders*
Pro se: Rashad Q. Sanders
MCIJ 11540 N.E. Inverness Drive
Portland, Oregon 97220

Page 12B (Affidavit of Service by
    Mailing, In Support of Petition
    For Writ of Habeas Copus, of:
    Rashad Qa. Sanders

Lpg 12B of 12B

4-copies

PROTECTIVE ORD

# U.S. District Court
## District of Oregon (Portland)
### CRIMINAL DOCKET FOR CASE #: 3:11-cr-00385-HZ-1

Case title: USA v. Sanders         Docket Text         Date Filed: 09/28/2011

Assigned to: Judge Marco A. Hernandez

**Defendant (1)**

| | | |
|---|---|---|
| **Rashad Q. Sanders**<br>USM 73851065 | represented by | **Susan A. Russell**<br>Federal Public Defender's Office<br>101 S.W. Main Street<br>Suite 1700<br>Portland, OR 97204<br>(503) 326-2123<br>Fax: (503) 326-5524<br>Email: susan_russell@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>Designation: Public Defender or Community Defender Appointment |

**Pending Counts**                                                **Disposition**

18:2423(a) TRANSPORTATION OF A
MINOR
(1-2)

18:1591(a)and(b)(2) SEX
TRAFFICKING OF A MINOR
(3)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                             **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                                    **Disposition**

Exhibit 5A        [pg 1AA of 4AA]

| | | |
|---|---|---|
| | | shall simultaneously file: (a) all motions in limine; (b) trial memoranda; (c) requested jury instructions (a paper copy and an electronic copy in a format compatible with Word Perfect on a CD-ROM); (d) proposed voir dire questions; (e) exhibit list; (f) exhibits - (copies of each numbered, copy-able exhibit shall be supplied to the court and opposing counsel; original exhibits shall be submitted at the time of trial; both the original and the judge's copies of exhibits shall be three-hole punched and placed into binders with clearly marked index tabs; and all staples and clips shall be removed from the copies of the exhibits which are placed in the three-ring binders); (g) expert witness list and summaries of any expert testimony; (h) verdict form; and (i) the government shall file a complete witness list. (2) Four days prior to trial, by 3:00 p.m., any responses to the above documents shall be filed. NO LATE OR SUPPLEMENTAL FILINGS OF THE ABOVE PRETRIAL DOCUMENTS WILL BE RECEIVED WITHOUT JUST CAUSE SHOWN. Ordered by Judge Marco A. Hernandez. (mr) (Entered: 11/09/2011) |
| 11/10/2011 | 8 | Arrest Warrant Returned Executed on 11/4/11 as to Rashad Q. Sanders. (schm) (Entered: 11/16/2011) |
| 11/14/2011 | 7 | Scheduling Order by Magistrate Judge Dennis J. Hubel as to Rashad Q. Sanders: At defense counsel's request, a review of defendant's detention status is set for **November 17, 2011, at 1:30 p.m.**, before the duty magistrate judge. (kb) (Entered: 11/14/2011) |
| 11/17/2011 | 9 | Motion for Protective Order filed by USA as to Defendant Rashad Q. Sanders. (Attachments: # 1 Proposed Order Protective Order) (Strickland, Kemp) (Entered: 11/17/2011) |
| 11/17/2011 | 10 | **Minutes of Proceedings:** Review of detention status of defendant held before Magistrate Judge Dennis J. Hubel as to Rashad Sanders, at defense counsel's request. Defense witness Marilyn Lindsay sworn and her testimony adduced. Government witness Masayo Halpin sworn and her testimony adduced. ORDER - defendant to remain detained as previously ordered, as both a flight risk and a danger. ORDER: Defendant is prohibited from having any direct or indirect contact with the minor victims in this action, as set forth in the record of the proceedings held in this action on November 4, 2011, and as restated at these proceedings. Kemp Strickland present as counsel for the government. Susan Russell present as counsel for the defendant. Court Reporter: KB/FTR. (kb) (Entered: 11/17/2011) |
| 11/21/2011 | 12 | **ORDER** Granting 9 Motion for Protective Order as to Rashad Q. Sanders (1). Signed on 11/18/2011 by Judge Marco A. Hernandez. See 2-page order attached. (mr) (Entered: 11/21/2011) |
| 12/01/2011 | 13 | OFFICIAL COURT TRANSCRIPT OF PROCEEDINGS FILED Motion Hearing as to Defendant Rashad Q. Sanders for date of November 17, 2011 before Judge Dennis J. Hubel, Transcriber Dennis Apodaca, telephone number (503) 326-8182. Transcript may be viewed at Court's public terminal or purchased from the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. Afterwards it may be obtained through PACER-See Policy at ord.uscourts.gov. Notice of Intent to Redact Transcript is due by 12/12/2011. Redaction Request due 12/27/2011. Redacted Transcript Deadline |

Exhibit 5A

Docket Text
[ pg 3AA of 4AA ]

| | | |
|---|---|---|
| | | set for 1/6/2012. Release of Transcript Restriction set for 3/5/2012. (Apodaca, Dennis) (Entered: 12/01/2011) |
| 12/12/2011 | 14 | Request for Discovery by Rashad Q. Sanders (Russell, Susan) (Entered: 12/12/2011) |
| 12/14/2011 | 15 | (Ex Parte) EX PARTE Application for Subpoenas and Witness Fees at Government's Expense. Filed by Defendant Rashad Q. Sanders. (mr) (Entered: 12/16/2011) |
| 12/14/2011 | 16 | EX PARTE Order for Issuance of Subpoenas at Government's Expense. Signed by Judge Marco A. Hernandez on 12/14/2011. (mr) (Entered: 12/16/2011) |
| 12/14/2011 | 17 | (Ex Parte) EX PARTE Motion for Order Authorizing Inspection and Copying. Filed by Defendant Rashad Q. Sanders. (mr) (Entered: 12/16/2011) |
| 12/14/2011 | 18 | (Ex Parte) EX PARTE Affidavit of Susan Russell regarding Motion to Inspect 17 filed by Rashad Q. Sanders. (mr) (Entered: 12/16/2011) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 12/19/2011 13:08:19 | | |
| PACER Login: | fp0075 | Client Code: |
| Description: | Docket Report | Search Criteria: | 3:11-cr-00385-HZ Start date: 1/1/1970 End date: 12/19/2011 |
| Billable Pages: | 3 | Cost: | 0.24 |

Docket Text
[ pg 4AA of 4AA ]

SWIS # ___

—33.50
FUNDS +/-

3-copies
RELEASE FUNDS

## Multnomah County Sheriff's Office
### PROPERTY/MONEY LEDGER

A 10805

A 10805

**657412**
**SANDERS**
**RASHAD**
MCL1195719



DATE OF BIRTH: 10-16-84
BOOKING DATE: 8-19-11
CLOTHING LOCATION:
PROPERTY LOCATION: A23

Cash Received At Booking: $ 573.95    Booking Officer: Uttke    DPSST 25063

| ITEM | QTY | REMARKS | PROP INT. |
|---|---|---|---|
| NEGOTIABLE ITEMS (CHECKS) | | | |
| WALLET (NO VALUABLES) | | | |
| PURSE (NO VALUABLES) | | | |
| WATCH | | | |
| RING | | | |
| NECKLACE | | | |
| BRACELET | | Charms | |
| EARRINGS-PIERCINGS | | | |
| GLASSES | | | |
| ELECTRONIC DEVICE | | ☐ Sun | |
| CELL PHONE | | ☐ W/Headphones | |
| TOTE BAG (NO VALUABLES) | | ☐ W/Battery  ☐ W/Charger | |
| SHOE LACES | | | |
| KEYS | ✓ | | |
| BELT | ✓ | | R |
| KNIFE/SHARPS | | | R |
| TOOLS | | | R |
| MISC. PAPERS | ✓ | | |
| FOOT WEAR | | | R |
| MISC. COMMISSARY | ✓ | | |
| IDENTIFICATION | | | R |
| MEDICATIONS | | | |

NOTICE: PROPERTY LEFT OVER 60 DAYS FROM FINAL RELEASE WILL BE DISPOSED OF.

**AT BOOKING:**
This is an accurate record of my property.
X _Rashad K_____
INMATE

**AT RELEASE:**
I hereby acknowledge receipt of all property which was held in trust for me by Multnomah County Detention Center.
DATE: ___
TIME: ___
INMATE: ___
/ RELEASE OFFICER ___

**AT TRANSFER:**
DESTINATION ___ / ___ DATE ___
TRANSPORT OFFICER ___

Petitioners'
Exhibit 4A

UNDER SEAL    FILED 28 SEP '11 16:47 USDC-ORP

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

UNDER SEAL

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No.: 11-CR-385-HZ |
| v. | INDICTMENT<br>18 U.S.C. § 2423<br>18 U.S.C. § 1591 |
| RASHAD Q. SANDERS,<br>Defendant. | UNDER SEAL |

THE GRAND JURY CHARGES:

### COUNT 1
### Transportation of a Minor
### 18 U.S.C. § 2423(a)

In September 2008, in the District of Oregon and elsewhere, **RASHAD Q. SANDERS**, defendant herein, did knowingly transport "C.K.", a female under the age of 18, in interstate commerce from the State of Minnesota to the State of Oregon, with the intent that "C.K." engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense. All in violation of Title 18, United States Code, Section 2423(a).

### COUNT 2
### Transportation of a Minor
### 18 U.S.C. § 2423(a)

In September 2008, in the District of Oregon and elsewhere, **RASHAD Q. SANDERS**, defendant herein, did knowingly transport "D.M.", a female under the age of 18, in interstate commerce from the State of Minnesota to the State of Oregon, with the intent that "D.M." engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense. All in violation of Title 18, United States Code, Section 2423(a).

Page 1 - INDICTMENT
*United States v. Rashad Q. Sanders*

COUNT 3
Sex Trafficking of a Minor
18 U.S.C. § 1591(a) and (b)(2)

In September 2008, in the District of Oregon and elsewhere, **RASHAD Q. SANDERS**, defendant herein, did the following acts while knowing, a female "D.M.", had not attained the age of 18 years and would be caused to engage in a commercial sex act:

(a) Defendant, **RASHAD Q. SANDERS**, did, while in or affecting interstate commerce, recruit, entice, harbor, transport, provide, obtain, by any means, a person known as "D.M."; and

(b) Defendant, **RASHAD Q. SANDERS**, did benefit, financially or by receiving anything of value, from participation in a venture which engaged in the recruiting, enticing, harboring, transporting, providing, or obtaining a person known as "D.M.".

All in violation of Title 18, United States Code, Sections 1591(a) and (b)(2).

DATED this 28 day of September, 2011.

A TRUE BILL

_____
OFFICIATING FOREPERSON

Presented by:

DWIGHT C. HOLTON
United States Attorney

_____
KEMP L. STRICKLAND, OSB #96118
Assistant United States Attorney

Page 2 - **INDICTMENT**
  *United States v. Rashad Q. Sanders*