

**U.S. Department of Justice**

S. Amanda Marshall
United States Attorney
District of Oregon
1000 SW Third Avenue, Ste. 600          (503) 727-1000
Portland, OR  97204-2902                 Fax: (503) 727-1117

January 22, 2013

Benjamin Andersen
Attorney At Law
1420 World Trade Center
121 SW Salmon Street
Portland, OR 97204

      Re:    <u>U.S. v. Rashad Q. Sanders</u>, CR 11-385 (HZ)
              **Plea Agreement**

Dear Counsel:

      Please find the enclosed plea offer that your client must accept in writing and by entering guilty pleas by January 22, 2013. Based on the following agreement, your client agrees to plead guilty to Counts 1, 3, and 4 of the superseding indictment charging violations 18 U.S.C. 2423 and 1591(a), and (b)(2) respectively. He agrees that all three victims were under the age of 18 during the offense and that a conviction for each offense carries a mandatory minimum 10 year prison sentence.

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to counts 1, 3, and 4 of the superseding indictment charging Transportation and Sex Trafficking of a Minor under Title 18, United States Code, Sections 2423 and 1591(a) and (b)(2). In return, the government agrees to dismiss count 2 against defendant at sentencing.

3.    **Penalties**: The maximum sentence for Title 18, United States Code, Sections 2423 and 1591(a) and (b)(2) are life imprisonment with a mandatory minimum of 10 years imprisonment, a fine of $250,000, a supervised release term of up to life, and a $100 fee assessment. Defendant agrees to pay the fee assessment at the time of guilty plea or explain to the court why it cannot be done.

4.    **Dismissal/No Prosecution**: The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Revised 02/03/10

Benjamin Andersen
Re: Rashad Sanders - Plea Letter
Page 2

5.  **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

7.  **Advisory Guideline Calculation**: The parties stipulate to the following advisory guideline calculations for Count 4 of the superseding indictment charging 18 U.S.C. 1591(a)(1), and (b)(2):

| | |
|---|---|
| 2G1.3(a)(2) - Base Offense Level | = 30 |
| 2G1.3(b)(2)(B) – Undue Influence | = +2 |
| 2G1.3(d)(1) & 3D1.4 – Multiple Victims | = +3 |
| 18 U.S.C Section 3553 factors | = - 2 |
| Acceptance | <u>-3</u> |
| | 30 |

The government will seek a 2 level increase under USSG 2G1.3(b)(4) for a Commercial sex act/contact. If the Court finds that the offense involved a commercial sex act and increases defendant's guideline calculations by 2 levels, then the parties agree to a 2 level downward departure based 3553 factors (acceptance of responsibility above the normal three levels) including: (1) the fact that the victims and other witnesses will not be required to testify at trial; (2) the defendant agrees to give up the right to file pretrial motions; and (3) defendant agrees to restitution as outlined in Paragraph 9 this agreement. If the Court doesn't find that the offense involved a commercial sex act, then the parties do not agree to a 2 level downward departure based on 3553 factors. In either event, the parties stipulate to a sentencing range of 188 months to 210 months prison.

The parties believe defendant falls within criminal history category (CHC) V. If the court were to accept the parties stipulations and no other advisory guideline adjustments apply, the advisory guideline range after acceptance is 188-235 months custody.

8.  **Sentencing Recommendation**: The parties stipulate and agree to a sentencing range of 188 to 210 months prison. Defendant agrees he should receive a sentence of no lower than 188 months. The government will recommend a sentence of 210 months prison followed by a 10 year period of supervised release. Defendant is free to argue for a 5 year period of supervised release. The USAO

Benjamin Andersen
Re: Rashad Sanders - Plea Letter
Page 3

will make this recommendation so long as defendant demonstrates an acceptance of responsibility as explained above.

9.      **Restitution**: Defendant agrees that the victims are entitled to restitution for any costs to the victim for any physical or mental health treatment or services incurred as a result of the commission of the offense.  In addition, defendant agrees the victim is entitled to restitution for labor and services rendered during the offense pursuant to 18 U.S.C. 1593(a) through (c). Included within the order of restitution, is payment to any agency who is currently paying or has previously paid the costs of any physical or mental health treatment services for the victim.  Defendant agrees that the restitution figures will be determined by the government at sentencing and that any amount of restitution ordered is immediately payable in full and due at sentencing.

If defendant can not pay the entire remaining restitution balance at the time of sentencing, he agrees to minimum monthly payments to be determined by the court.

10.     **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.  Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

11.     **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range.  Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

12.     **Court Is Bound**: The Court is bound by the recommendations of the parties if the Court accepts the plea.  This agreement is made under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and the defendant may withdraw any guilty plea or rescind this plea agreement if the Court rejects the plea or does not follow the agreements or recommendations of the parties.

13.     **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the

Revised 02/03/10

Benjamin Andersen
Re: Rashad Sanders - Plea Letter
Page 4

parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14.     **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

15.     **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

KEMP L. STRICKLAND
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

1/22/2013
Date

Rashad Q. Sanders - Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

1/22/13
Date

Benjamin Andersen, Attorney for Rashad Sanders

Revised 02/03/10