Benjamin T. Andersen, *Of Counsel*
Pacific Northwest Law, LLP
1420 World Trade Center
121 S.W. Salmon Street
Portland, Oregon 97204
t. 503.222.2510 f. 503.546.0664
btandersen@pacificnwlaw.com

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                              Plaintiff,<br><br>v.<br><br>Rashad Q. SANDERS,<br>                              Defendant. | Case No. 3:CR 11-385-HZ<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO MODIFY CONDITIONS OF PREVIOUSLY IMPOSED PROTECTIVE ORDER |

The motion supported by this memorandum of law seeks to excise the language in the protective order that restricts defendant's access to discovery.  Not having access to the discovery has inhibited Mr. Sanders from effective representation, inhibited his rights under the V and VI Amendments to the US Constitution, and is not supported by the statutes cited in that order.

The protective order entered by this court was made pursuant to at least partial agreement between the government and Mr. Sanders' attorney at the time.  As put forth in that order, "counsel for defendant and defendant agree that they will not copy, display, or distribute any of the discovery provided to them by the government in this case."  This agreement appears to be in keeping with 18 USC 3509(d)(1), discussed below, but does not support the restrictions placed on defendant by the protective order.

## I.    ACCESS TO DISCOVERY ISSUES INVOLVE CONSTITUTIONAL RIGHTS

Discovery issues involve the Fifth Amendment right of a defendant to due process, along with the Sixth Amendment right to confront adverse witnesses.  *See, e.g., United States v. Chapman*, 524 F.3d 1073, 1080 (9th Cir. 2008) (discussing the discovery violations of the government in upholding a dismissal of the indictment); *see also United States v. Forrester*, 512 F.3d 500, 505 (9th Cir. 2008) (dicta regarding the trial court's confirmation that a *pro se* defendant had access to discovery)

## II.    FRCrP 16(d)(1) AUTHORISES RESTRICTION OF DISCOVERY ONLY UPON A SHOWING OF GOOD CAUSE

Federal Rule of Criminal Procedure 16(d)(1), cited in the protective order at issue, regulates the restriction of discovery:

> (1) *Protective and Modifying Orders*. At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

FRCrP 16(d)(1).

> The burden of justifying a protective order under Rule 16(d)(1), of course, is on the party requesting such an order. *United States v. Leighton*, 265 F.Supp. 27 (S.D.N.Y. 1967), *aff'd*, 386 F.2d 822, *cert. denied*, 390 US 1025, 88 S.Ct. 1412, (1968).  As the Fifth Circuit said in the case *United States v. Hughes*, 413 F.2d 1244 (1969), *vacated on other grounds*, 397 US 93, 90 S.Ct. 817 (1970), the norm is to deny a request for restricted discovery

*United States v. Nelson*, 486 F. Supp. 464, 480 (W.D. Mich. 1980).

There is no showing or finding of good cause as required by FRCrP 16(d)(1), and there is no indication of any stipholding regarding good cause.  "Good cause" for purposes of FRCrP 16(d) could be an argument that a defendant is a danger to witnesses, *see*

*United States v. Lee*, 374 F.3d 637, 652 (8th Cir. 2004), but a restrictive order such as the one in question should not be imposed without some showing of an actual need for such an order, *see State v. Pettit*, 66 Or App 575, 578 (1984) (ruling on parallel state rule and citing to *United States v. Makekau*, 429 F.2d 1403 (9th Cir. 1970)).  In *Makekau*, for example, a protective order had been issued after specific threats had been made against an informer and his family members, and the informer's wife had been murdered.  429 F.2d at 1404.  There has been no such showing in this case.

## III.    18 U.S.C. § 3509(d) ONLY AUTHORIZES PROTECTION OF "PUBLIC DISCLOSURE"

18 U.S.C. § 3509(d), also cited in the previously imposed protective order, more specifically regulates privacy protection and the imposition of protective orders when the victim of an alleged crime is below the age of 18:

(1) Confidentiality of information.
(A) A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall--
(i) keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and
(ii) disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.
(B) Subparagraph (A) applies to--
(i) all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;
(ii) employees of the court;
(iii) the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and
(iv) members of the jury.
(2) Filing under seal. All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without

necessity of obtaining a court order. The person who makes the filing shall submit to the clerk of the court--

    (A) the complete paper to be kept under seal; and

    (B) the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

(3) Protective orders.

    (A) On motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child.

    (B) A protective order issued under subparagraph (A) may--

        (i) provide that the testimony of a child witness, and the testimony of any other witness, when the attorney who calls the witness has reason to anticipate that the name of or any other information concerning a child may be divulged in the testimony, be taken in a closed courtroom; and

        (ii) provide for any other measures that may be necessary to protect the privacy of the child.

(4) Disclosure of information. This subsection does not prohibit disclosure of the name of or other information concerning a child to the defendant, the attorney for the defendant, a multidisciplinary child abuse team, a guardian ad litem, or an adult attendant, or to anyone to whom, in the opinion of the court, disclosure is necessary to the welfare and well-being of the child.

18 U.S.C. § 3509(d)(3).

    §3509(d) does not authorize the broad restriction found in the protective order at issue.  Subsection (1) of §3509(d) directs parties, including a defendant, to protect "documents that disclose the name or any other information concerning a child," and to disclose the documents or information contained in those documents only to people who have reason to participate in the proceedings.  Subsection (2) addresses the filing of motions or papers under seal.

    §3509(d)(3)(A) lays out the requirements and process for issuing protective orders, however, it only authorizes protective orders that protect a child from "public disclosure of the name of or any other information concerning the child."  It does not authorize protective orders that restrict a defendant's access to discovery, as the protective order at

issue does.  §3509(d)(3)(B)(ii) has an allowance for other measures "to protect the privacy of the child," but does so only under the auspices of subparagraph (A), which, again, relates to the public disclosure of information.  Further, §3509(d)(3) authorizes such limited protective orders relating to the disclosure of the name and other information "if the court determines that there is a *significant* possibility that such disclosure would be detrimental to the child" (emphasis added).

§3509(d) appears to be primarily invoked as a rationale for the use of initials in rulings and motions that can be accessed publicly.  *See, e.g., United States v. Begay*, 673 F.3d 1038, 1040 n.4 (9th Cir. 2011).

## IV.    CONCLUSION

Mr. Sanders is entitled to be effectively represented by counsel at all critical stages of the prosecution, including sentencing. See *Lopez v. Thompson*, 202 F.3d 1110, 1117 (9th Cir. 2000) (citing to *Mempa v. Rhay*, 389 US 128, 134-37, 88 S.Ct. 254 (1967)). Effective representation in this situation, or if Mr. Sanders is representing himself *pro se*, requires adequate access to discovery in order to prepare for the critical stage of sentencing or to prepare for any other critical stage of these proceedings.

DATED this 22nd day of February 2013.

Pacific Northwest Law, LLP

/s/

_____

Benjamin T. Andersen, OSB 06256