FILED01 MAR '13 11:28USDC-ORP

# In The United States Federal District Court
## For Portland, Oregon

| | |
|---|---|
| THE UNITED STATES OF AMERICA | ) Court No. 11-CR-385-HZ |
| PLAINTIFF | ) Modify Protective Order    Motion |
| V. | ) Petition To Dismiss |
| Rashad Sanders | ) Withdrawl counsel |
| DEFENDANT | ) withdrawl plea |

## Jurisdiction 2241

1. Defendant Rashad Sanders hereby petitions to dismiss court # 11-CR-385-HZ
2. based upon these facts of fraud:
3. Fraud: to deceit, deception, artifice, or trickery operating prejudicially on the rights
4. of another, or surrender some legal right. To decieve another to his prejudice and
5. accomplishing the purpose whether it be an act, a word, silence, suppression of
6. the truth or other device contrary to the plain rules of common honesty.
7. Fraudulent Representation: Where as proceeding for, or characterized by fraud, and
8. the purpose of which is to decieve, or made recklessly and in any event, for the
9. purpose of inducing action upon it. Clark v. Haggard 141 Conn 668,109 A.2d 358, 54 ALR
10. 2d 655. Also Extrinsic Fraud: actual fraud characterized by an evil intent to take
11. undue advantage of another person for the purpose of actually and knowingly
12. defrauding him. Flood v. Templeton 152 cal 148, 92 P 78 and Fraudulent Concealment
13. Fraud In The Inducement: fraud exercised in inducing the signing of an instrument.
14. Gomillion v. Forsythe 218 Sc 211, 62 SE 2d 297, 53 ALR 2d 169
15. Also Extrinsic Fraud: the character of fraud which will afford a ground for setting
16. aside a judgement, that is, fraud which is collateral to the issues tried in the
17. case wherein the judgement was rendered." 30 AM J REV Ed Judgm § 657

1-1

18. Extrinsic Fraud: for purposes of a ground of equitable relief against a judgement
19. fraud which has prevented a party from having a fair trial, from presenting
20. all his case to the court, or has so affected the manner in which the judge-
21. ment was taken that there has not been fair submission of the controversy
22. to the court. Farley V. Davis 10 Wash 2d 62, 116 P.2d 263, 155 ALR 1302
23. Deliberate Misrepresentation: fact that deprives someone of a valuable possess-
24. ions. Whenever someone takes unconscionable advantage of another person, the
25. action may be treated as criminal fraud or the civil action of deceit.
26. Rochin V. California, 342 U.S. 165, 72 S.ct. 205, 96 L.Ed 183 (1952)

27. A hearing took place 11-21-2011 concerning a protective order on my discovery.
28. I was not aware of this hearing. Counsel at the time Susan Russell did not men-
29. tion this to me. I've asked for discovery on many occasions only to be told
30. evasive answers why I couldn't have it, but was never told about a protective
31. order. Same issue with second attorney Mark Cross, and current attorney Ben
32. Anderson. Mr. Anderson finally told me about the protective order around a week
33. or so before the 21st of February 2013 after I had already signed a plea deal.
34. I also don't believe Susan Russell denied the request for the discovery to be
35. restricted or did the other attorney's which is the norm. There is no good cause
36. shown in this case why there should be a protective order. As stated in protective
37. order itself indicates that "counsel for defendant and defendant agree that they
38. will not copy, display, or distribute any of the discovery provided to them by the
39. goverment in this case." I never agreed to that or knew anything about it.
40. I signed an unconscionable (deal) contract that is unjust and extremely one-
41. sided in favor of the person who has the superior bargining power, 14 months
42. later still not having discovery. This is also a violation of my 5th Amendment
43. due-process right and 6th Amendment confront adverse witness right.

1-2

44. United States v. Chapman 524 F.3d 1073, 1080 (9th Cir. 2008).
45. Discussing the discovery violations of the government in upholding a
46. dismissal of the indictment.

Rashad Sanders
2-26-2013

1-3