Benjamin T. Andersen
Pacific Northwest Law, LLP
1420 World Trade Center
121 S.W. Salmon Street
Portland, Oregon 97204
t. 503.222.2510 f. 503.546.0664
btandersen@pacificnwlaw.com

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br>v.<br>Rashad Q. SANDERS,<br>            Defendant. | Case No. 3:11-CR-385-HZ<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW PLEA |

Federal Rule of Criminal Procedure 11(d)(2)(B) directs a district court to permit a defendant to withdraw a guilty plea before sentencing if the defendant comes forward with *any* fair and just reason for so doing. *United States v. Ortega-Ascanio*, 376 F.3d 879, 887 (2004) (emphasis added). The "fair and just" standard is generous and must be applied liberally. *United States v. McTiernan*, 546 F.3d 1160, 1167 (2008). A motion to withdraw a plea pre-sentence should be "freely allowed" and is appropriate even if the plea itself is otherwise valid. *United States v. Davis*, 428 F.3d 802, 805-806 (2005) (quoting *United States v. Signori*, 844 F.2d 635, 637 (9th Cir. 1988)).

> Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, *or any other reason for withdrawing the plea that did not exist when the defendant entered his plea.*

*Davis*, 428 F.3d at 805 (emphasis in original) (quoting *Ortega-Ascanio*, 376 F.3d at 883). The defendant in *Ortega-Ascanio*, for example, was allowed to withdraw his plea in order to litigate a motion to dismiss the indictment based on intervening case law. 376 F.3d at 887; *see* PACER Document #87 in case 2:99-cr-1251-RSWL-1, US Dist. Court for the Cent. Dist. of California.

One reason upon which to base a withdrawal of Mr. Sanders' pleas is the issue raised regarding the protective order that is the subject of the *Motion to Modify Conditions of Previously Imposed Protective Order* filed concurrently with the *Motion to Withdraw Plea* that this memorandum supports, *see* PACER Documents #64-66, 69, filed 2/22/13, and which is a basis for the subsequently filed *Motion to Dismiss*, PACER Document #72, filed 3/1/13.

The liberal application of FRCrP 11(d)(2)(B) should permit Mr. Sanders to withdraw his pleas. See *McTiernan*, *supra*.

RESPECTFULLY SUBMITTED this 3rd day of March, 2013.

Pacific Northwest Law, LLP

/s/ (intended as original in electronic filings)
Benjamin T. Andersen, OSB 06256